United States District Court
Southern District of Texas
**ENTERED**
September 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAYTWON LITTLEJOHN, (Inmate # 02929710), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-23-3186 |
| DEPUTY J. DAVIS, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Daytwon Littlejohn, (Inmate # 02929710), is in the custody of the Harris County Jail. Representing himself and proceeding without prepaying the filing fee, Littlejohn filed a complaint under 42 U.S.C. § 1983. Littlejohn alleges that several officers from the Montgomery County Sheriff's Office, the Harris County Sheriff's Office, and the Houston Police Department have violated his constitutional rights. (Docket Entry No. 1).

Littlejohn's complaint is governed by the Prison Litigation Reform Act (PLRA), which requires the court to screen complaints filed by prisoners seeking relief from the government as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e) (providing for the screening of suits filed by persons proceeding without prepaying the filing fee). Having conducted the required screening of Littlejohn's complaint, the court dismisses this action. The reasons are explained below.

**I.    Background**

Publicly available records show that Littlejohn is in jail awaiting trial on multiple state criminal charges. *See* Harris County Sheriff's Office, available at www.harriscountyso.org/JailInfo (last visited Sept. 3, 2023). In his complaint, Littlejohn alleges

that in April 2021, Montgomery County Sheriff's deputies tried to stop him for speeding. (Docket Entry No. 1, p. 6). Littlejohn did not pull over, and the officers pursued him. (*Id.*). Ultimately, Littlejohn exited the interstate and pulled into a gas station. (*Id.*). The officers followed. Littlejohn turned his truck off and followed the officers' commands to get out of his truck. (*Id.*). He was immediately handcuffed and placed in the back of a patrol vehicle. (*Id.*). One officer asked Littlejohn for permission to search his truck, but Littlejohn refused. (*Id.*). Despite this, the officers searched his truck, taking cash and guns and impounding the truck. (*Id.*). As a result of these events, Littlejohn was charged in Montgomery County with evading arrest and aggravated assault on a public servant. (*Id.*).

When Littlejohn was released on bond, he retrieved his truck from the impound lot. (*Id.*). He discovered that the truck had been damaged and that the cash and guns that had been in the truck were missing. (*Id.*). Littlejohn went to the Montgomery Sheriff's Office to ask about the damage and the missing items. He was told that the cash would be held until he could prove that it belonged to him, the guns were being investigated, and he could make a claim with the County for the damage to his truck. (*Id.*).

Littlejohn later pleaded guilty to the Montgomery County charge of evading arrest, and the State dismissed the aggravated assault charge. (*Id.* at 5). As part of his plea, Littlejohn signed a form allowing for the destruction of the seized evidence, including the guns. (*Id.*).

Shortly thereafter, Littlejohn was charged in Harris County with evading arrest and murder. *See* Harris County District Clerk, available at https://www.hcdistrictclerk.com (last visited Sept. 4, 2023). Littlejohn alleges that the City of Houston Police and the Harris County Sheriff obtained some of the property seized during his illegal arrest in Montgomery County, and they intend to use

that illegally seized property as evidence against him at his trial on the Harris County charges. (Docket Entry No. 1, p. 6).

On August 29, 2023, Littlejohn filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Montgomery County Sheriff's Deputy J. Davis violated Littlejohn's Fourth Amendment rights when he illegally searched Littlejohn's truck. (*Id.* at 3-4). Littlejohn alleges that other unnamed Montgomery County Sheriff's deputies violated his Fourth Amendment rights by illegally seizing money, guns, and other property from his truck during the search. (*Id.*). Littlejohn alleges that unnamed officers of the Houston Police Department and the Harris County Sheriff's Office obtained the property that the Montgomery County officers illegally seized, and they intend to use it against him in his pending Harris County criminal cases. (*Id.*). Littlejohn asks the court to order that he be compensated for the missing and damaged property and for the violation of his rights and emotional distress. He also asks the court to order that the seized property be suppressed to prevent its use in his Harris County criminal cases.

## II. The Legal Standards

### A. Actions Under 42 U.S.C. § 1983

Littlejohn sues the defendants under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do

not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

### B. The Prison Litigation Reform Act

The PLRA, which governs Littlejohn's action, requires the court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing the complaint, the court must construe all allegations "liberally in favor of the plaintiff," must "take[] all facts pleaded in the complaint as true," and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*,

563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).  If it does not, the complaint must be dismissed, even before service on the defendants.  *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C. Pleadings filed by Self-Represented Litigants

Littlejohn is representing himself.  Courts construe pleadings filed by self-represented litigants under a less stringent standard of review.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts."  *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal."  *Id.* (cleaned up).

## III. Discussion

### A. The Claim for Physical Damage to the Truck

Littlejohn alleges that unnamed Montgomery County Sheriff's officers damaged his truck during the allegedly illegal search and seizure.  This allegation, even if true, does not state a claim on which relief may be granted under § 1983.

The Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property without due process of law."  But an allegation that a state official or employee negligently damaged or lost a citizen's property does not state a claim for a violation of a

constitutional right. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986). Intentional damage, loss, or theft by a state official or employee will support a claim for a constitutional violation only if no meaningful post-deprivation remedy for the loss is available under state law. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984). A state-law remedy is considered adequate even if the plaintiff might not be able to recover the full amount of his loss. *See Leggett v. Williams*, 277 F. App'x 498, 500 (5th Cir. 2008) (citing *Hudson,* 468 U.S. at 535). When a state-law remedy exists, a plaintiff may bring suit in federal court for the intentional loss or destruction of his property by a state official or employee only if the plaintiff first pursues the state-law remedy and relief is denied on grounds other than the merits of his claim. *See Thompson v. Steele,* 709 F.2d 381, 383 n.3 (5th Cir. 1983).

In his complaint, Littlejohn does not allege whether the Montgomery County Sheriff's officers negligently or intentionally damaged his truck, but he is not entitled to relief on this claim under either set of facts. If the officers negligently damaged Littlejohn's truck, he cannot state a claim for a violation of a constitutional right because negligently inflicted damage does not rise to the level of a constitutional violation. *See Daniels*, 474 U.S. at 328. And even if the officers intentionally damaged the truck, Littlejohn cannot bring a § 1983 action at this point because Texas law provides a post-deprivation remedy. *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) ("In Texas . . . the tort of conversion fulfills [the post-deprivation remedy] requirement.").

Littlejohn admits that he was told that he could file a claim for the damage, but he has not done so. Having elected not to pursue the available state-law remedy, Littlejohn is not entitled to bring a federal action at this time. Instead, Littlejohn must first pursue that state-law remedy. Only if relief is denied in the state-law proceeding on a basis other than the merits of his claim may Littlejohn bring a federal action.

Littlejohn's claim for damage to his truck is dismissed under § 1915(e)(2)(B) for failing to state a claim on which relief can be granted. If Littlejohn elects to pursue the available state-law remedies, and if the state court denies relief for any reason other than the lack of merit of his claim, Littlejohn may once again seek relief under § 1983. *See Loftin v. Thomas*, 681 F.2d 364, 365 (5th Cir. 1982).

### B.  The Remaining Claims

In addition to his claim for the damage to his truck, Littlejohn seeks money damages based on claims for an illegal search, illegal seizure, and false imprisonment, and an injunction to prevent the use of the seized property in his Harris County prosecutions. These claims are not properly before this court at this time for two reasons.

#### 1.  Premature under *Heck*

First, Littlejohn's claims for illegal search, illegal seizure, and false imprisonment are premature under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). *Heck* bars any cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply that a conviction or sentence is invalid unless the conviction has already been invalidated through proper channels. *Id*. The rule of *Heck* also applies when the allegations would, if true, necessarily imply that pending charges or potential convictions are invalid. *See, e.g., Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) ("[I]f he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*."); *Agbonifo v. Boyden*, No. H-17-1872, 2017 WL 3267790, at *2 (S.D. Tex. July 27, 2017).

Littlejohn's complaint shows that he was convicted of evading arrest in the Montgomery County case, and that conviction has not been reversed, set aside, or otherwise invalidated. In addition, Littlejohn has been charged with murder and evading arrest in Harris County, and it appears from his allegations that his current claims of an illegal search, illegal seizure, and false imprisonment would, if true, necessarily implicate the validity of those charges and potential convictions. Because of this, his current civil rights claims are premature under *Heck*.

In this situation, when state proceedings are still pending, the proper procedure is for the court to stay the civil rights action until the state court proceedings have concluded. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Littlejohn may not proceed with this action unless and until he can show that his Montgomery County conviction has been reversed, set aside, or otherwise invalidated, and that the currently pending Harris County charges have been resolved in his favor. If Littlejohn does not obtain such relief in state-court proceedings, the bar created in *Heck* will preclude this action.

### 2. *Younger* Abstention

Even if Littlejohn's claims were not premature under *Heck*, this court would decline to exercise jurisdiction over this case under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires federal courts to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012). Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every

clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49).

Littlejohn's claims meet all three requirements for abstention under *Younger* and do not fall under any of the exceptions. Any decision by this court on the legality of the search of Littlejohn's truck and the seizure of his property would interfere with the ongoing Harris County criminal proceedings. *See Younger*, 401 U.S. at 41; *Earle*, 388 F.3d at 518 ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing its criminal laws. *See DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984). And Littlejohn may raise his claims in the state-court criminal proceedings and again on appeal if he is ultimately convicted.

Because Littlejohn's claims meet the requirements for *Younger* abstention, the court declines to exercise jurisdiction under *Younger* and dismisses this action.

## IV.   Conclusion

Littlejohn's complaint, (Docket Entry No. 1), is dismissed without prejudice. Any pending motions are denied as moot. An order of dismissal is separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on September 19, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge